UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

MARY SILVA                                    USDC.C.A.No.

v.

COMMONWEALTH OF MASSACHUETTS et al
DEFENDANTS,

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT DISTRICT OF MASS.
2020 OCT 15  AM 10:38

## VERIFIED COMPLAINT:

### INTRODUCTION:

Plaintiff Mary Silva files this civil actions for violations
of her Federal constitutional rights in the destruction of her
property stemming from a unreasonable search or her residence by
Defendants that deployed flash bang grenades in her residence
sparking a fire, which destroyed her personal property inside
the residence.and displaced her and her child without a home.
Ms. Silva's rights were violated the following day when police
used excessive force to take her into custody the following day
outside her mother's residence.

### JURISDICTION:

Jurisdiction is invoked under 42 USC §1983, and 28 USC §1331, §1343
and pendent jurisdiction of state law claims 28 USC §1367.

### PARTIES:

1.    Plaintiff Mary Silva, who is a resident and citizen of
the Commonwealth of Massachusetts.

2.    Defendant Daniel Bennett was the former Secretary of the
Executive Office of Public Safety and Security, a political
subdivision of the Commonwealth of Massachusetts with an office
located at McCormick Building, One Ashburton Place, Suite 2133,
Boston Mass. 02108 (hereafter Bennet) He is being sued in his
official capacity as Security of Public Safety. Bennet is
responsible for the administration and oversight of both the
New Bedford Police Department and State Trooper agency. Said
responsibilities include but limited to pre-employment screening
of prospective mangement, the hiring and training of officers and
state troopers, the prepartion and or implementation of policies
and procedures governing the duties and performance of supervisory
and nonsupervisory personnel and independent contractors, and the
safety and security of citizens and their property.

3.    Defendant Executive Office of Public Safety is a political
subdivision of the Commonwealth of Massachusetts with an office
located at McCormick

3. located at the McCormick Building, One Ashburton Place, Suite 2133, Boston Ma 02108, whose surbordinates are the New Bedford Police Department and State Trooper agency.

4. Defendant Commonwealth of Massachusetts New Bedford Police Department is an agency of the Commonwealth of Massachusetts with an office located at 871 Rockdale Avenue, New Bedford Ma.02740. The New Bedford Police  Department is responsible for safety and security of Massachusetts citizens and upholding the laws of the Commonwealth.

5.   Defendant Michael Gomes, former Chief of NewBedford Police Department,, who is responsible for pre-screening of prospective management and police officers, the preparation and or implementaon of policies and procedures governing the duties and performances of supervisors and non-supervisors personnel, and independent contractors, the mangement of the New Bedford police department. He is being sued in his official capacity as former Chief of New Bedford Police Department.

6. Defendant Paul Fonseca is a New Bedford Police Detective, who is responsible for the security and safety of all Massachusetts citizens and upholding Massachusetts State and U.S Federal laws . He is being sued in his individual capacity as a Detective involved in the planning and execution of the search conducted on Plaintiff's residence.

7.   Defendant John Doe 1 is the  SWAT TeaH     : Supervisor of the planning and execution of the search on Plaintiff's residence, who is responsible for safety and security of all Massachusetts citizens and upholding Massachusetts and Federal laws. He is being sued in his official and individual capacity as the Supervisor officer on scene.

8.   Defendant John Doe 2 is a  SWAT Team Member Department, who is resposible for the safety and security of all Massachusetts Citizens and upholding of all Massachusetts and Federal laws. He is being sued in his official and individual capacity for the planning and execution of the search of Plaintiff's residence.

9.   Defendant John Doe 3 is a  SWAT Team Member Department, who is responsible for the safety and security of all Massachusetts citizens and enforcement of all Massachusetts and Federal laws. He is being sued in his official and individual capacity as Detective involved in the planning and execution of the search on Plaintiff's residence.

10.   Defendant Brock Morrissette is a Massachusetts State Trooper, who is responsible for the security and safety of all Massachusetts citizens. He is being sued in his official and individual capacity as a State Trooper for the planning and execution of the search of Plaintiff's residence that led to the destruction of her property.

11.   Defendant John Doe 4 is a Massachusetts State Police Supervisor, who is responsible for the safety and security of all Massachusetts citizens. He is being sued in his official and individual capacity as the Supervisor for the planning and execution of the search of Plaintiff's residence that led to the destruction of her property.

12.   Defendant John Doe 5 is a New Bedford Police officer, who is responsible for the for the safety and security of all Massachusetts citizens. He is being sued in his official and individual capacity as a New Bedford officer for using excessive force during a traffick stop in front of Plaintiff's family's residence.

13.   Defendant John Doe 6 is a New Bedford Police officer who is responsible for the safety and security of all Massachusetts citizens. He is being sued in his individual and official capacity as a New Bedford police officer for using excessive force during a traffick stop in front of Plaintiff's family's house.

14.   Defendant John Doe 7 is a New Bedford Police officer, who is responsible for the safety and security of all Massachusetts citizens. He is being sued in his individual and official capacity as an New Bedford Police officer for the use of excessive force during a traffick stop in front of Plaintiff's family's house.

15.   Defendant John Doe 8 is a New Bedford Police officer in responsible for the safety and security of all Massachusetts citizens and upholding all Massachusetts and Federal laws. He is being sued in his individual and official capacity as the officer assigned to surveillance Plaintiff after leaving the New Bedford Police Station  and directing the stop of Plaintiff's vehicle under false pretenses.

16.   Defendant John Doe 9 is a New Bedford Police officer, who is responsible for the safety and security of all Massachusetts citizens and upholding all Massachusetts and Federal laws. He is being sued in his individual and official capacity as the assigned officer to surveillance Plaintiff after leaving the New Bedford Police station and directing the stop of Plaintiff's vehicle under false pretenses.

4.

## STATEMENT OF FACTS:

17.  On or about October 10, 2017, approximately 5:20 p.m.
Plaintiff had arrived home unbeknown that her residence at
190 Belleville Road, Apt 1. New Beford Ma was under surviellance
by New Bedford Police. Defendants Morrisette and Fonseca
approached Plaintiff in front of her residence and transported
her to New Bedford Police station to question her about her
boyfriend whereabouts on the earlier morning hour of that day.

18.  Purportedly, during the surviellance of Plaintiff's residence
, her boyfriend was suspected of having returned to the residence
approximately at 5:30 p.m. None of the officer attempted to take
him into custody before entering the premises of 190 Belleville
Road Apt.1 New Bedford Ma. None of the officers had attempted to
ping his phone location as was done earlier that day on October
10, 2017 to confirm that the man thought to be seen entering the
premises was actually her boyfriend.

19.  According to the Affidavits filed to secure the search
warrants on October 10, 2017, Defendants had a parameter set up
around the Plaintiff's residence in the event that her boyfriend
attempted to flee or otherwise evade capture. Hereto attached as
Ex.

20.  Defendant Morrisette informed Plaintiff that they had
a search warrant for her premises to secure any evidence relating
to the homicide that her boyfriend was suspected of and would need
her house keys to gain entry. Plaintiff provided her house keys
to comply with the search warrant to Defendant. Plaintiff was
held at New Bedford Police station while the search warrant was
being executed.

21.  Defendants Morrisette, Fonseca, John Doe 1-5, along with the
New Bedford SWAT team planned and executed a search of Plaintiff's
residence. Defendants' did not attempt to confirm Plaintiff's
boyfriend presence on the premises during the planning stages to
ensure positive identification that the individual believed to had
entered earlier actually was Plaintiff's boyfriend to determine
the need for flash bang grenades.

22.  Defendants' Morrisette, Fonseca, John Doe-15, along with the
New Bedford SWAT team had in their possession house keys to
Plaintiff's residence, which provided them the element of
surprised to announce upon entry into the premises and lessen the
need for flash grenades during the planning and execution of the
search warrant.

23.    On October 10, 2010, approx. 7 p.m. at night, Defendants'
Morisette, Fonseca, John Does-1-5 and  New Bedford SWAT team
deployed flash grenades into Plaintiff's residence, setting her
livingroom on fire as they entered the premises. After the initial
search the fire had intensified and began to spread throughout
the residence that Defendants' had to evacuate the premises until
the fire Department arrived to extinguished the place.

24.    Plaintiff's boyfriend had not been on the premises and the
surveillances placed around the location did not detect anyone
fleeing the premises. Defendants had been mistaken to their belief
that Plaintiff's boyfriend had entered the residence earlier.

25.    Defendants' Morrisette, Fonseca, John Does 1-5 had violated
and exceed the terms of the search warrant that limited the search
to be conducted in the day time and not at night. These circumstances
including the poor planning cited in paragraphs 17-23 herein
culiminated in an unreasonable and excessive search causing the
spark of the fire and destroyed property. Hereto attached as Ex.

26.    Consequently, Plaintiff's livingroom furniture consisting
two sofa couches, Entertainment Center TV, Bluetooth sound bar,
Family photos and son's achievements awards from Young Marines and
Karate was damaged as a result of the fire. As a direct result
from the spread of the fire and response to exstinguish it by the
Fire Department fire, smoke and water damage occurred in the
destruction in Plaintiff's son's room consisting of TV and PS4,
mattress, clothes and sneakers, and Plaintiff's clothes, sneakers
and King size mattress.

27.    Defendants Morisette and Fonseca later informed Plaintiff that
a small fire had ignited upon breach into her premises without
informing her of the cause of the fire. Both Defendants attempted
to conceal the reason for the fire in their affidavits for search
warrants and deliberately misrepresented the extent of the fire
that occurred at the residence in their reports.

28.    Subsequently, Plaintiff was escorted to her car and released
from New Bedford Police station unbeknownest to her that she remained
under police surveillance. Plaintiff stopped by a friend's home and
proceeded to her mother's home when she was suddenly stopped by
the New Bedford Police officers.

29.    Five police cruisers stopped Plaintiff with their revolvers
drawn requesting for her to exit the car with her hands up. At
the time of the stop, Plaintiff was on the phone face timing with
her son. Plaintiff exited the car with her hands up with her
phone in hand and complied to the order to walk backwards on her
pulled torn ACL injury in fear of being shot. Plaintiff informed
the officers that she is unarmed and had just left the police
station .

30.    Defendants John Doe 6-9 employed excessive force in the stop of Plaintiff and offerred her no reasons for the stop. Plaintiff car was visually searched and she was released. The Defendant John Doe 8-9 that maintained surveillance of Plaintiff knew that no one entered her vehicle upon her leaving her friend's home, creating an unlawful stop and search.

31.    Plaintiff's son, who witnessed these events while on the phone suffered trauma in the belief that his mother was about to be shot by police in which he receives treament for Post Traumatic Stress.

32.    As a direct results of Plaintiff's property being destroyed and subequent stop by excessive force, Plaintiff continues to experience post traumatic stress.

## CAUSE OF ACTION:

**COUNT I:**    42 USC § 1983 VIOLATIONS OF THE FOURTH AND EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTIONS

Plaintiff incorporates by reference paragraphs 1-32 herein below:

33.    Defendants Morrisette, Fonseca, John Doe 1-5 violated Plaintiff Silva's 4th and 8th amendment rights to the U.S. Constitution in failing to take care in the planning and execution of the search warrant on 190 Belleville Road Apt 1,where Defendants negligently deployed flash grenades despite no -one being in the premises, having the house key to enter, and exceeding the search warrant limitations not to be served at night.

34.    As a direct and proximate cause of Defendants failures and unnecessary deployment of flash grenades on the premises, Plaintiff Silva sufferred damages, including but not limited to, destruction of personal property, displacement, sufferring, conscious pain and impairment to earning capacity.

35.    As a further results of the Defendants' wrongful conduct, Plaintiff sustain emotional distress, loss of consortium, and other damages.

**COUNT II:**    42 USC § 1983 VIOLATIONS OF THE FOURTH AND EIGHTH AMENDMENT TO THE U.S. CONSTITUTION

Plaintiff incorporates by reference paragraphs 1-35 herein below:

36.    Defendants Morrisette, Fonseca, John Doe 1-5 violated Plaintiff Silva's 4th and 8th amendment right to the U.S. Constitution when conducting a unreasonable search and excessive force to search the premises at 190 Belleville Road. Apt 1 in the deployment of flash grenades.

8.

37.   As a direct and proximate cause of Defendants' wrongful
conduct Plaintiff sufferred damages, including but not limited
to personal property damages, conscious pain, suffering, and
impairment to earning capacity.

38.  As a further result of Defendants' wrongful conduct,
Plaintiff sustained emotional distress, loss of consortium and
other damages.

39   As a further result of the Defendants' wrongful conduct,
Plaintiff sustained economic damages to be determined.

COUNT III.   **TRESSPASS OF CHATTLE AND CONVERSION OF PERSONAL
PROPERTY**

Plaintiff hereby incorporates by reference the allegations in
paragraphs 1-39 herein below:

40.   Defendants Morrisette, Fonseca, and John Doe 1-5 did
tresspass of chattle and conversion of Plaintiff's property
resulting from the unreasonable search , excessive force to
enter the premise and negligent care in the planning and
execution of the search warrant at 190 Belleville Road, Apt 1.

41.   As a direct and proximate cause of the tresspass of chattle
and conversion, Plaintiff Silva suffered damages including but
not limited to personal property caused by the deployment of
flash grenades, impairment to earning capacity and emotional distress.

42.   As further result of Defendants wrongful conduct, Plaintiff's
personal property in her son's and her room was destroyed by fire,
soot, and water damages to put the fire out and Silva has
sustained economic damages to be determined.

COUNT IV.   **42 USC §1983  CONSPIRACY VIOLATIONS BY DEFENDANTS**

Plaintiff hereby incorporates by reference the allegations
contained in paragraphs 1-42 of this complaint herein below:

43.   Defendants Morrisette, Fonseca, and John Doe 1-5 did
conspire to deprive Plaintiff Silva equal protection right of the
law and privileges and immunities to which she is entitled under,
the Constitution, and from unreasonable and excessive force
under the 4th amendment. When attempting to conceal their wrongful
deprivation by omitting the cause of the fire at 190 Belleville
Road and extent of damages to Plaintiff's property in their reports
to prevent Plaintiff from filing a civil action in further
violation of the 1st amendment to the U.S Constitution.

9.

44,   As a direct and proximate cause of Defendants conspiracy
to deprive Plaintiff of her property by underreporting and
omitting facts concerning the causes resulting in Plaintiff's
loss of property and displacement of home, impairment of
earnings and emotional distress  and sustained economic
damages to be determined.

**COUNT V.   42 USC §1983 MUNICIPALITY LIABILITY AGAINST DEFENDANTS
AND THE COMMONWEALTH OF MASSACHUSETTS**

Plaintiff hereby incorporates by refrence paragraphs 1-44
of this complaint herein below:

45. Michael Gomes, Daniel Bennet, Commonwealth of Massachusetts,
through its routine practice of not setting specific criterias
for when flash grenades are deployed in citizens homes have
allowed for its repeated abuse that led to Plaintiff Silva's
property being destroyed by fire, soot and water damages from
exstinguishing the fire.

46.   As a direct and proximate cause of the routine practice,
Plaintiff has sufferred damages including but not limited to
loss of personal property, emotional distress, impairment of
earning capacity.

47.   As further result of the Defendants wrongful conduct,
Plaintiff has sustained loss of consortium, and other damages
in their official capacity, pursuant to 42 USC §1983

**COUNT VI.   42 USC § 1983 VIOLATIONS OF THE FOURTH AMENDMENT
FIFTH AND FOURTEENTH AMENDMENT TO THE U.S.
CONSTITUTION**

Plaintiff hereby incorporates by reference paragraphs 1-47
of this complaint herein below:

48.   Defendants John Doe 6-9 employed excessive force in the unlawful
stop of Plaintiff Silva's vehicle outside of her family's home
in violation of the 4th, 5th and 14th amendment to equal protection
under the law. When Defendant John Doe 8 & 9 ordered Defendants
to stop Plaintiff's vehicle knowing that no-one was inside her
vehicle from their continued surviellance of her from the police
station to her friends house to the eventual stop.

49.   As a direct and proximate cause of Defendant's wrongful
conduct Plaintiff and her minor son sufferred post traumatic
stress syndrome  and emotional distress.

**COUNT VII.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
             BY DEFENDANTS**

   Plaintiff hereby incorporates by reference paragraphs 1-
49 herein below:

50.   Defendants John Doe 6-9 did inflict Plaintiff Silva and her
son with intentional infliction of emotional distress in the
unlawful stop of her vehichle under false pretenses and use of
excessive force to secure her without providing any explanation
for the reason for the stop and guns drawn on her.

51.   The acts of the Defendants were outrageous and extreme beyond
all bounds of decency and utterly intolerable in a civilized
community.

52.   As a direct and proximate cause of the Defendants' wrongful
conduct, Plaintiff and her minor son suffered post traumatic stress
syndrome, emotional distress, and humiliation and embarrassment.

## PRAYERS OF RELIEF:

   Wherefor, Plaintiff Silva pray for judgement against the
Defendants, jointly and severally, as follows:

   1.   An Award of compensatory damages in the amount of $100,000

   2.   Award of punitive damages and or/exemplary damages;

   3.   Award of prejudgement interest, reasonable attorney fees,
expenses, and cost pursuant to 42 USC § 1988 and other applicable
law; and

   4. For such other relief as the Court considers just and proper.

## DEMAND   FOR JURY TRIAL

   Plaintiff Silva demand a trial by jury on all accounts.

Dated: September 28, 2020

Respectfully Submitted
Pro-se
*Mary Silva*
Ms. Mary Silva
749 Purchase St.
New Bedford Ma 02740

VERIFICATION OF COMPLAINT
I, Mary Silva verify that I did read paragraphs 1-52 and to the
best of my knowledge they are true and accurate under the pains and
penalties of perjury.
Dated: September 28, 2020

Signed
*Mary Silva*