UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY SILVA,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS, et al.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-11866-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

March 9, 2021

SOROKIN, D.J.

  *Pro se* plaintiff Mary Silva has filed a civil action under 42 U.S.C. § 1983 ("§ 1983") in which she alleges that, on October 17, 2017, she was subject to an unreasonable search when law enforcement officers deployed flash grenades in her residence and later used excessive force when they stopped her while she was driving. Silva has filed motion for leave to proceed *in forma pauperis* and for service by the United States Marshals Service ("USMS").

  For the reasons stated below, the Court will GRANT the motion for leave to proceed *in forma pauperis*, order the Clerk to issue summonses for defendants Paul Fonseca, Brock Morrisette, and the City of New Bedford. The Court will also order that some of the defendants and claims be dismissed.

**I.  Motion for Leave to Proceed *in Forma Pauperis***

  Upon review of Silva's motion for leave to proceed *in forma pauperis*, the Court finds that Silva is without funds to prepay the filing fee. Accordingly, the motion is GRANTED.

**II.     Review of the Complaint**

    **A.     Court's Authority to Conduct a Preliminary Review of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    **B.     Factual Allegations[1]**

According to Silva, when she arrived at her residence in New Bedford on October 10, 2017 at 5:20pm, she was met by New Bedford Police Detective Paul Fonseca and Massachusetts State Trooper Brock Morrisette.  Foneseca and Morrisette transported Silva to the New Bedford Police station to question her about her boyfriend's movements earlier that day.

At the police station, Silva learned that her residence had been under surveillance and that her boyfriend had purportedly returned to Silva's residence at 5:30pm.  Morrisette informed Silva that a search warrant had been obtained for her home to secure any evidence relating to a homicide for which her boyfriend was a suspect and that the officers needed the keys to her residence.  Silva provided the keys and stayed at the police station while the warrant was executed.

---

[1] For purposes of this Memorandum and Order, the Court treats all well-pled factual allegations in the complaint as true.

At approximately 7:00pm that evening, Morrisette, Fonseca, unknown SWAT team members, and unknown New Bedford Police officers executed the warrant. Although law enforcement had Silva's keys to the residence, they deployed flash grenades into Silva's residence. The flash grenades set Silva's living room on fire. The fire intensified and spread throughout Silva's residence. Law enforcement had to evacuate the premises until the fire department extinguished the flames.

Silva was subsequently escorted to her car and left the police station. She was unaware that police officers were surveilling her. Silva stopped at a friend's house and was proceeding to her mother's home when she was suddenly stopped by five New Bedford Police cruisers. Officers drew their revolvers and asked Silva to exit her car with her hands up. Silva complied, informing the officers that she was unarmed and had just left the police station. The officers offered no reason for the stop. They conducted a visual search of Silva's vehicle and allowed her to leave.

Silva names the following as defendants: Commonwealth of Massachusetts; the Commonwealth's Executive Office of Public Safety and Security[2]; Daniel Bennett, former Secretary of Commonwealth's Executive Office of Public Safety and Security; the New Bedford Police Department ("New Bedford PD")[3]; Michael Gomes, former chief of the New Bedford PD;

---

[2] In her complaint, it is unclear whether Silva is attempting to sue both the Commonwealth and the Commonwealth's Executive Office of Public Safety as separate parties. For purposes of this action, the distinction is irrelevant. A state and one of its agencies are treated as one and the same for the claims Silva brings.

[3] Another ambiguity in Silva's identification of the parties is her reference to "Defendant Commonwealth of Massachusetts New Bedford Police Department." Compl. ¶ 4. Silva does not identify the New Bedford PD in the separate counts, but she does assert Count Five against the Commonwealth and Gomes acting in his official capacity. *Id.* ¶ 45. To err on the side of inclusion, for purposes of this initial review of the complaint the Court assumes that Silva is

Fonseca; Morrisette; John Does 1, SWAT team supervisor; John Does 2 and 3, SWAT team members; John Doe 4, State Police Supervisor; and John Does 5-9, New Bedford police officers. The complaint is in seven counts. Counts One, Two, Four, Five, and Six are § 1983 claims. Counts Three and Seven are state tort claims. Silva seeks compensatory and punitive damages.

### C. Count Five of the Complaint

Count Five of the complaint is captioned as a § 1983 claim for "Municipality Liability Against Defendants and the Commonwealth of Massachusetts." Compl. at 8. Silva brings this claim against Gomes, Bennett, and the Commonwealth, alleging that the defendants, through their "routine practice of not setting specific criterias for when flash grenades are deployed in citizens homes have allowed for its repeated abuse that led to Plaintiff Silva's property being destroyed by fire, soot and water damages from exstinguishing the fire." *Id.* ¶ 45 (as in original). This is the only count asserted against these three defendants.

Silva states that she is suing Gomes and Bennett in their official capacities.[4] Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). In contrast, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

---

asserting Count V against the New Bedford PD (as well as against the Commonwealth, Bennett, and Gomes).

[4] In contrast, Silva specifies that she is suing all the other individual defendants in their official and individual capacities. *See* Compl. ¶¶ 1-16, 45-47.

### 1. Defendants Commonwealth of Massachusetts and Bennett

Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. However, neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the § 1983 claim against the Commonwealth and the § 1983 official capacity claim against Bennett fail to state a claim upon which relief may be granted.

If the Court were to assume that Silva is asserting an individual capacity claim against Bennett, the claim would also fail, albeit for a different reason. Only "those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [in a § 1983 action]." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). In other words, a state official cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the official must have had some form of direct involvement in the alleged misconduct. *See id.*; *see also Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)).

Ten state departments and their agencies and boards are within the Commonwealth's Executive Office of Public Safety, *see* M.G.L. ch. 6A, § 18, and the office has promulgated over seventy regulations, *see* 101 C.M.R. §§ 10-801.00. Even if the development of criteria for the use of flash grenades in private residences is within the purview of the broad authority of Executive Office of Public Safety and Security, the Court cannot reasonably infer that any

alleged misconduct by the office's secretary constituted direct involvement in law enforcement's use of flash grenades at Silva's residence.

### 2. Defendant Gomes and the New Bedford Police Department

The official capacity claim against Gomes may proceed as a claim against the City of New Bedford. *See Monell*, 436 U.S. at 690 n.55; *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2001) (holding that plaintiff's official capacity suit against a police officer could be treated as a suit against the municipality). While a state is not a "person" for purposes of § 1983, a municipality is a "person" against which a § 1983 claim may be brought. *See Monell*, 436 U.S. at 690-94. To plead a § 1983 claim against a municipality, a plaintiff must allege facts from which the Court may reasonably infer that official policy was the "moving force" behind a constitutional violation physically carried out by the municipality's employees or agents. *See id.* at 694.

On a related note, to the extent that Silva is attempting to bring a § 1983 claim against the New Bedford PD, it fails because the New Bedford PD is not an independent legal entity. Rather, it is a department of the City of New Bedford. Thus, the § 1983 claim against the New Bedford PD shall be construed as a shall also be construed as a 1983 claim against the City of New Bedford. *See Dwan v. City of Boston*, 329 F.3d 275 n.1 (1st Cir. 2003) (recognizing the substitution of the City of Boston as the proper defendant where plaintiff brought his suit against the Boston Police Department, rather than the City of Boston).

For purposes of docket clarity and judicial efficiency, the official capacity claim against Gomes and any claim against the New Bedford PD shall be dismissed without prejudice because both claims may be properly asserted as claims against the City of New Bedford. The Court will order the Clerk to add the City of New Bedford to the docket as a separate party, and the City of

New Bedford shall be the sole defendant for Count Five of the complaint. Gomes and the New Bedford PD shall be terminated without prejudice as defendants in this action.

If Silva wishes to bring a § 1983 individual capacity against Gomes, she may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to include such a claim. To be clear, unless Silva so amends her complaint, Gomes will not be a defendant in this action, although his alleged misconduct may nonetheless be relevant to her § 1983 claim against the City of New Bedford.

### 3. Claims for Violations of the Fifth and Eighth Amendments

In Count Six of the complaint, Silva brings a § 1983 claim against John Doe defendants 6-9, all of whom are New Bedford police officers, for violations of her rights under Fourth, Fifth, and Fourteenth amendments to the United States Constitution. Compl. ¶¶ 13-16, 48. Silva claims that these defendants violated her right to "equal protection." *Id.* ¶ 48. The Fifth Amendment's requirement of due process requires the United States government to provide, *inter alia*, equal protection. Because John Doe defendants 6-9 are municipal police officers rather than federal actors, the Fifth Amendment does not apply to Silva's claims against these defendants. However, this does not have any practical effect on the case because the John Doe defendants 6-9 are subject to the Fourteenth Amendment's guarantee of equal protection. Thus, the Court will dismiss without prejudice the § 1983 Fifth Amendment claim.

In Counts One and Two, Silva brings § 1983 claims for violations of her rights under the Fourth and Eighth amendments to the United States Constitution. *Id.* ¶¶ 33-39. However, the Eighth Amendment's prohibition of cruel and unusual punishment only applies to incarcerated persons serving a criminal sentence. *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 9 (1st Cir. 2007). Accordingly, the Court will dismiss the § 1983 Fourth Amendment claims.

### III. John Doe Defendants

At this time, the Clerk shall not issue summonses as to the "John Doe" defendants because "John Doe" is a fictitious name. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, Silva discovers the true names of the "John Doe" defendants, she "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Id.* at 8 n.5.

### IV. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is granted.

2. The claims against the Commonwealth and the Executive Office of Public Safety and Security are DISMISSED, and these parties shall be terminated as defendants in this action.

3. The Clerk shall add the City of New Bedford to the docket as a defendant. Count Five of the complaint shall be construed as asserting against the City of New Bedford the plaintiff's official capacity claim against Gomes and claim against the New Bedford PD.

4. The official capacity claim against Gomes is DISMISSED without prejudice because it has been replaced by the same claim against the City of New Bedford. Gomes shall be terminated as a defendant in this action. If Silva wishes to bring an individual capacity § 1983 against Gomes, she may do so by amending the complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure.

5.      Any claim against the New Bedford PD is DISMISSED without prejudice because it has been replaced by the same claim against the City of New Bedford.  The New Bedford PD shall be terminated as a party to this action.

6.      Section 1983 claims for alleged violations of the Eighth Amendment (Counts One and Two) are DISMISSED.  The Section 1983 claim for an alleged violation of the Fifth Amendment (Count Six) is DISMISSED.  The other claims asserted in Counts One, Two, and Six shall go forward as pled.

7.      The Clerk shall issue summonses for Morrisette, Fonseca, and the City of New Bedford.  Silva is responsible for ensuring that the summonses, the complaint, and this order are served on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

8.      Because Silva is proceeding *in forma pauperis*, she may elect to have service completed by the United States Marshals Service ("USMS").  If Silva chooses to have service completed by the USMS, she shall provide the agency with a copy of this order, all documents for service, and a completed USM 285 form for each defendant to be served.  The USMS shall then complete service with all costs to be advanced by the United States.

9.      Silva must ensure that service is completed within 90 days from the date of the issuance of the summonses.  Failure to complete service in a timely fashion may result in dismissal of the action without further notice to the plaintiff.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

10.     The motion for the USMS to perfect service shall be terminated as moot in light of the Court's above order for service by the USMS.

SO ORDERED.

                                                                      /s/ Leo T. Sorokin
                                                                      UNITED STATES DISTRICT JUDGE